IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS EARLE, | ) | |
|     Petitioner, | ) | Civil Action No. 08-106 Erie |
| | ) | |
| v. | ) | Senior District Judge Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| RAYMOND SOBINA, et al., | ) | |
|     Respondents. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

### II.    REPORT

Petitioner Thomas Earle is a state inmate currently incarcerated at the State Correctional Institution at Albion. Pending before the Court is his Petition for Writ of Habeas Corpus [ECF No. 3], which he filed pursuant to 28 U.S.C. § 2254. He claims that a Pennsylvania statute, 42 Pa.C.S. § 9718.1, is being applied to him retroactively in violation of the *Ex Post Facto* Clause.

#### A.    Relevant Background[1]

On or about December 17, 2001, Petitioner pleaded guilty to various charges contained in two criminal bills of information related to the sexual abuse of his 12-year-old stepdaughter and her 13-year-

---

[1] All "Ex." citations are to those documents appended to the Respondents' Answer [ECF No. 11].

1

old friend. [See ECF No. 11-1 at p. 1, Ex. A, Commonwealth v. Earle, No. 3203 EDA 2003, slip op. (Pa. Super. Sept. 14, 2003)]. Specifically, at Philadelphia Court of Common Pleas docket number CP-51-CR-0707781-2001, he pleaded guilty to Sexual Abuse of Children, Indecent Assault, and Endangering the Welfare of Children. The offense date of those crimes is listed on the state court docket as May 5, 2001. [ECF No. 11-1 at p. 9, Ex. B, Docket Sheet for CP-51-CR-0707781-2001]. At Philadelphia Court of Common Pleas docket number CP-51-CR-0707771-2001, he pleaded guilty to Aggravated Indecent Assault, Endangering the Welfare of Children, and Corrupting a Minor. The offense date of those crimes is listed on the state court docket as August 28, 2000. [ECF No. 11-1 at pp. 20-21, Ex. C, Docket Sheet for CP-51-CR-0707771-2001].

Petitioner's sentencing was deferred pending the preparation of a presentence investigation, mental health and drug and alcohol evaluations, and assessment by the Sexual Offenders Assessment Board. It subsequently determined that he met the definition of a sexually violent predator. [See ECF No. 11-1 at p. 4, Ex. A, Earle, No. 3203 EDA 2003, slip op. at p. 2)].

On April 25, 2002, Petitioner was sentenced by the Honorable Carolyn Temin to three and one-half to seven years' incarceration at docket number CP-51-CR-0707781-2001 for the crime of Endangering the Welfare of Children. Consecutive periods of probation were ordered with respect to the remaining convictions. [See ECF No. 11-1 at p. 10, Ex. B]. On the same date, Judge Temin sentenced him to five to ten years' incarceration at docket number CP-51-CR-0707771-2001 for the crime of Aggravated Indecent Assault. Consecutive periods of probation were ordered with respect to the remaining convictions. [ECF No. 11-1 at p. 21, Ex. C].

Petitioner's aggregate sentence of incarceration is eight and one-half to 17 years. According to the documents of record, his minimum term of incarceration expired on November 16, 2009, and his

maximum term expires on May 16, 2018. [ECF No. 11-2 at pp. 10-11, Ex. G, Sentence Status Summary].

Importantly, there is nothing in the record before the Court to indicate that Petitioner has in fact been denied parole by the Pennsylvania Board of Probation and Parole (the "Board"). Under Pennsylvania law, Petitioner would not have been eligible to be considered for parole until near November 16, 2009, when his minimum term of imprisonment expired. See 61 Pa.C.S. § 6137(a)(3) (formerly 61 P.S. § 331.21(a)).

### B.    Discussion

Article III, § 2 of the Constitution limits the jurisdiction of the federal courts to actual "cases or controversies." This is a "bedrock requirement" and requires the petitioner to establish that he or she has proper "standing" to sue. Raines v. Byrd, 521 U.S. 811, 818 (1997) (internal citations omitted). The constitutional minimum of standing contains three elements. First, the petitioner must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotations and citations omitted). To meet the standing requirements of Article III, a petitioner must allege personal injury fairly traceable to the respondent's allegedly unlawful conduct and likely to be redressed by the requested relief. Raines, 521 U.S. at 818.

The ripeness doctrine addresses questions of timing, *i.e.*, "*when* in time is it appropriate for a court to take up the asserted claim." Action Alliance of Senior Citizens v. Heckler, 789 F.2d 931, 940 (D.C. Cir. 1986). The doctrine seeks to avoid entangling courts in the hazards of premature adjudication. Abbott Laboratories v. Gardner, 387 U.S. 136, 148 (1967). Thus, the courts will not decide a case where the claim "involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." 13B Charles A. Wright, et al., Federal Practice and Procedure: Jurisdiction § 3532 (3d ed. & 2010 Supp.). With regard to administrative agency actions, considerations of ripeness reflect the need to protect agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. Abbott Laboratories, 387 U.S. 136 at 148-49. Thus, judicial review is premature when an agency has yet to complete its work by arriving at a definite decision. Suburban Trails, Inc. v. New Jersey Trans. Corp., 800 F.2d 361, 365 (3d Cir. 1986).

Petitioner filed the instant habeas petition prior to the expiration of his minimum sentence date, and thus *before* he would have become eligible for relief on parole. See 61 Pa.C.S. § 6137(a)(3) (formerly 61 P.S. § 331.21(a)). Therefore, he could not have been denied parole prior to filing the instant petition. He has not filed anything with this Court subsequent to the filing of his petition to show that he has since been denied parole. Nor do the Respondents indicate that Petitioner has been denied parole by the Board. [See ECF No. 11]. Thus, nothing in the record demonstrates that there is agency action for the Court to review.

As such, Petitioner's habeas claim is premature and has yet to ripen to the level of an Article III case or controversy. Consequently, the petition for writ of habeas corpus should be dismissed.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the habeas petition should be dismissed. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as premature and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 10, 2011
cc: The Honorable Maurice B. Cohill